IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

MICHAEL A. LOVELL,

    Defendant.

No. 12-cr-40108 JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Michael A. Lovell's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. Counsel voluntarily appeared for Lovell and has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 46). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither Lovell nor the Government has responded to counsel's motion, although they were given an opportunity to do so.

On June 26, 2013, Lovell pled guilty to one count of conspiracy to manufacture methamphetamine, one count of possession of materials to manufacture methamphetamine, and one count of possession of ammunition by a felon. Using the 2012 Sentencing Guidelines Manual, the Court determined the defendant's relevant conduct for the drug charges was 96 kilograms of marihuana equivalent, resulting in a base offense level of 24. It further found that his base offense level for the ammunition charge was 24 but that he should receive a 4-point increase under U.S.S.G. § 2K2.1(b)(6)(B) because his possession of ammunition was in connection with another felony offense, yielding an adjusted offense level of 28. The Court determined the combined offense level was 30 by taking the higher adjusted offense level of 28 for

the ammunition charge and increasing it by 2 points to account for the drug charges. *See* U.S.S.G. § 3D1.4. However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 based on two prior violent felony convictions and one prior drug felony conviction, which raised his base offense level to 32. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) because he accepted responsibility for his offense, yielding a total offense level of 29. Considering the defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 and his criminal history points under the sentencing table in U.S.S.G. Chapter 5, Part A, this yielded a sentencing range of 151 to 188 months in prison. The Court imposed a sentence of 151 months in prison.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not

lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.[1] Thus, his offense level and his guideline range have not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **GRANTS** counsel's motion to withdraw (Doc. 46) and **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** from this case.

**IT IS SO ORDERED.**
**DATED:   September 19, 2017**

> *s/J. Phil Gilbert*
> **J. PHIL GILBERT**
> **U.S. DISTRICT JUDGE**

---

[1] Should the defendant's career offender status ever be adjudged to be in error and vacated, the defendant may reapply for a reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782.